UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HODGES,

      Plaintiff,      CASE NO. 07-CV-14285

-vs-             PAUL D. BORMAN
               UNITED STATES DISTRICT JUDGE
LAW FIRM OF COLLINS, EINHORN,
FARRELL & ULANOFF, a professional
corporation, and the RENAISSANCE
CENTER,

      Defendants.
_____/

**OPINION AND ORDER
(1) GRANTING DEFENDANTS' MOTION TO DISMISS; AND
(2) DENYING PLAINTIFFS' MOTIONS TO AMEND THE COMPLAINT**

Before the Court are three motions: (1) Defendants' November 9, 2007 Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 5); (2) Plaintiff's November 30, 2007 Motion to Amend the Complaint (Doc. No. 11); and (3) Plaintiff's January 17, 2008 Motion to Amend Complaint to Conform with the Evidence (Doc. No. 20). The Court dispensed with oral argument under E.D. Mich. L. R. 7.1(e)(2). Having considered the entire record, and for the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss, and DENIES Plaintiffs' Motions to Amend the Complaint.

I.  **BACKGROUND**

This case arises from pro se Plaintiff Larry Hodges' ("Plaintiff") allegations that Defendants, Collins, Einhorn, Farrell & Ulanoff (the "law firm") and the Renaissance Center, fraudulently failed to notify Plaintiff of an appeal filed to the Michigan Court of Appeals, thus

1

depriving him of his Due Process rights under the Fourteenth Amendment of the United States Constitution. The instant case is his second lawsuit dealing with the same set of facts.

In 2003, Plaintiff filed a state civil lawsuit in 36th District Court in Detroit, Michigan against the Renaissance Center, alleging that he was injured when he stepped into a pothole on the Renaissance Center's property that had been covered with a newspaper. (Compl. ¶ 1). The Renaissance Center retained the law firm of Collins, Einhorn, Farrell & Ulanoff to defend it in the action. The 36th District Court Judge granted partial summary disposition to Plaintiff, and denied summary disposition to the Renaissance Center. (Compl. ¶ 3).

On July 28, 2004, the Renaissance Center filed an appeal to the Wayne County Circuit Court. (Compl. Ex. A, Wayne County Circuit Court Docket Sheet). The case was assigned to Judge Wendy Baxter. On July 14, 2006, Judge Baxter ultimately reversed the district court's grant of partial summary disposition to Plaintiff, but affirmed the denial of summary disposition to the Renaissance Center.

On August 4, 2006, the Renaissance Center filed an appeal to the Michigan Court of Appeals. On September 19, 2006, Plaintiff filed a "Motion to Dismiss" the appeal, contending that counsel for the Renaissance Center failed to serve him with the Notice of Appeal. Thus, by that time, Plaintiff was aware that the case was before the Michigan Court of Appeals.

On March 1, 2007, the Michigan Court of Appeals issued an Order directing the district court to grant summary disposition to the Renaissance Center. The Order stated, in relevant part:

> The motion to dismiss is DENIED.
>
> The Court further orders, pursuant to MCR 7.205(D)(2), that the July 14, 2006, order of the Wayne County Circuit Court affirming the district court's denial of summary disposition to defendant hereby is VACATED. Considering the facts in a light most favorable to plaintiff, the record before this Court is insufficient as a matter of law

> to support the claims against defendant. Even assuming arguendo that defendant has possession and control over Renaissance Drive, our Supreme Court has ruled that "potholes in pavement are an 'everyday occurrence' that ordinarily should be observed by a reasonably prudent person." The fact that a newspaper covered the pothole does not amount to a "special aspect" sufficient to impose liability here. Debris collecting in a pothole on a city street does not comprise a unique situation leading to an unreasonably high likelihood of harm. Plaintiff could have stepped around the newspaper and thereby could have avoided the pothole. Further, the newspaper-covered pothole did not pose the type of severe threat of injury that our Supreme Court envisioned in *Lugo*'s illustration of the deep, open, and unguarded pit. Finally, the record reveals no evidence to show that the blowing newspaper was anything but a transient condition such that defendant was, or should have been, on notice of the condition. As a result, the Court directs that the February 15, 2005, order of the Wayne Circuit Court reversing the grant of partial summary disposition to plaintiff and granting defendant's motion for summary disposition is REINSTATED. The cause is REMANDED to the district court for entry of an order of dismissal consistent with this order.
> This order is to have immediate effect. The Court retains no further jurisdiction.

*Hodges v. Renaissance Ctr.*, No. 272157 (Mich. Ct. App. Mar. 1, 2007) (unpublished) (internal citations omitted). On March 20, 2007, the Michigan Court of Appeals denied Plaintiff's request for reconsideration.

On June 26, 2007, the Michigan Supreme Court denied Plaintiff's application for leave to appeal. *See Hodges v. Renaissance Ctr.*, 478 Mich. 931 (2007). On September 10, 2007, Plaintiff's motion for reconsideration was also denied. 480 Mich. 864 (2007).

On October 10, 2007, Plaintiff filed a Complaint in this Court, alleging that Defendants violated his Due Process rights by fraudulently failing to serve him notice of the appeal.

On November 9, 2007, Defendants filed a Motion to Dismiss under Rule 12(b)(6). Defendants further requested that the Court enter an order requiring that Plaintiff obtain leave before filing any further pleadings in this case.

On November 30, 2007, Plaintiff filed a Motion to Amend the Complaint. Plaintiff's reason was "to allow for the plaintiff to more precisely state the allegations, and claims at issue

3

in Complaint [ ] and further, to add on a claim for damages, of which was overlooked in the original Complaint." (Pl. Mot. 2). On January 17, 2008, Plaintiff filed another Motion to Amend the Complaint to Conform to the Evidence. On December 28, 2007, Defendants responded to Plaintiff's Motion to Amend the Complaint. While Defendants acknowledge that Plaintiff's motions to amend should be granted under Fed. R. Civ. P. 15(a)(1), the proposed amendments should be denied as futile.

## II. ANALYSIS

### A. Motion to Dismiss Standard

The United States Court of Appeals for the Sixth Circuit has recently summarized the legal standards for evaluating a motion to dismiss under Rule 12(b)(6):

> The reviewing court must construe the complaint in a light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Yet, to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.

*Eidson v. State of Tennessee Dept. of Children's Servs.*, – F.3d –, 2007 WL 4440883, *2 (6th Cir. 2007) (internal citations omitted)

### B. State versus Private Actor

Defendants contend that Plaintiff cannot maintain a Fourteenth Amendment Due Process claim against them, pursuant to 42 U.S.C. § 1983, because they are private, and not state, actors.

The Sixth Circuit has summarized the analysis for determining whether a plaintiff can maintain a § 1983 action premised on a violation of due process by a private actor:

> The Fourth and Fourteenth Amendment rights at issue secure protection only against infringement through state action. Under some circumstances, however, the conduct of private parties may be deemed to be state action when the "conduct allegedly causing the deprivation of a federal right may be fairly attributable to the State."
>
> Whether the conduct may in fact be "fairly attributed" to the state requires a two-part inquiry. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." The Court in *Lugar* explained that the two prongs merge when analyzing a state official's conduct, whereas they remain distinct when analyzing the conduct of private parties.
>
> This circuit utilizes three tests to evaluate state action: (1) the public-function test, (2) the state-compulsion test, and (3) the symbiotic-relationship or nexus test.

*Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) (internal citations omitted). Furthermore, conclusory allegations that a private actor conspired with a state actor under § 1983 are insufficient to survive a motion to dismiss. *Tahfs v. Proctor*, 316 F.3d 584, 593 (6th Cir. 2003).

Attorneys performing their traditional functions as counsel are not state actors for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Otworth v. Vanderploeg*, 61 Fed. Appx. 163, 165 (6th Cir. Mar. 19, 2003) (unpublished). Here, Plaintiff does not demonstrate how Defendant law firm should be considered a "state actor" for the purposes of § 1983. At least one other court in this district has concluded that an attorney's alleged failure to follow a Michigan court rule to serve a "notice of presentment" on the plaintiff did not constitute "state action" for the purposes of § 1983. *See Grier v. Wayne County Circuit Court*, No. 06-14992, 2007 WL 1106143, *2-3 (E.D. Mich. Apr. 12, 2007) (unpublished) (holding that under

5

the "nexus" test, an attorney's violation of a court rule requiring it to serve a notice to the plaintiff is "insufficient" to treat the law firm as a state actor).

Plaintiff does not allege that the law firm and the Renaissance Center conspired with the Michigan Court of Appeals or any other state actor to form the basis of his claim. Plaintiff solely argues that the law firm representing the Renaissance Center made false representations to the Michigan Court of Appeals that it had served Plaintiff. The Court finds that these allegations are insufficient to maintain an action under § 1983 against these Defendants. Furthermore, the Court does not find it necessary to order Plaintiff to obtain leave to file pleadings in this case.

Therefore, the Court GRANTS Defendants' motion to dismiss.

### C. Plaintiffs' Motions to Amend the Complaint

Defendants contend that although Plaintiff's motions to amend should normally be granted under Fed. R. Civ. P. 15(a)(1) given the procedural posture of the case, his proposed amendments would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff proposes four amendments to his Complaint – none of which overcome his deficient allegations that Defendants are liable under § 1983. Plaintiff's proposed amendments to paragraphs 7, 11, and 13 do not enunciate a theory of state actor liability for Defendants. Plaintiff's final amendment relates to damages.

Since Plaintiff's proposed amendments do not overcome the deficiencies outlined above in his original Complaint, the Court DENIES Plaintiff's motions to amend based on futility of amendment.

## III. CONCLUSION

Accordingly, the Court hereby:

(1) **GRANTS** Defendants' Motion to Dismiss (Doc. No. 5); and

(2) **DENIES** Plaintiffs' Motions to Amend the Complaint (Doc. Nos 11 & 20).

**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 31, 2008.


s/Denise Goodine
Case Manager